**In re The WICACO MACHINE CO., INC., Debtor.**

**Jonathan H. GANZ, Trustee of Wicaco Machine Corporation, and the Creditors Committee of Wicaco Machine Corporation, Plaintiffs-Appellees,**

v.

**KOVATCH CORPORATION; John J. Kovatch, Jr. and Joseph J. Kovatch, Defendants-Appellants.**

**Misc. No. 86–0009.**
**Bankruptcy No. 82–04534G.**
**Adv. No. 83–580G.**

United States District Court,
E.D. Pennsylvania.

April 21, 1986.

See also, Bkrtcy., 61 B.R. 605.

Joseph A. Dworetzky, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiffs-appellees.

Wayne B. Weisman, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendants-appellants.

## MEMORANDUM

LUDWIG, District Judge.

In this appeal of the judgment of our Bankruptcy Court, appellees have filed a motion to strike, asserting that the appeal is untimely and, further, that it is barred by collateral estoppel.

By opinion and order entered December 5, 1985 per Emil F. Goldhaber, Chief Bankruptcy Judge, 55 B.R. 588 it was held that a pre-petition sale of certain assets by the bankrupt constituted a bulk transfer in violation of the Pennsylvania Bulk Transfer Act, 13 Pa.C.S.A. §§ 6101–6111 (Purdon 1984). Judgment was entered in favor of the trustee and against appellants for $400,000. On December 19, 1985, 14 days after entry of judgment, appellants filed a notice of appeal with this court and a motion for reconsideration with the bankruptcy court. On January 13, 1986 the bankruptcy court denied the motion for reconsideration, from which order no appeal was taken.

On January 16, 1986 appellants filed a motion in the bankruptcy court to extend the time for filing of appeal, asserting "excusable neglect on the part of the defendants' counsel" as a basis for the extension. On February 21, 1986 the bankruptcy court denied the motion to extend the appeal period, and appellants did not appeal.

Bankruptcy Rule 8002(a) allows a period of 10 days for the filing of a notice of appeal from a judgment, order, or decree.[1] Bankruptcy Rule 9006(a) states how the time period is to be computed.[2] Under

---

1. Rule 8002(a) provides:
   (a) Ten-day period
   The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal is filed, or within the time otherwise prescribed by this rule, whichever period last expires. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of that court or the clerk of the appellate panel shall note thereon the date on which it

was received and transmit it to the clerk of the bankruptcy court and it shall be deemed filed in the bankruptcy court on the date so noted.

2. Rule 9006(a) provides:
   (a) Computation
   In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next

Rule 9006(a), intermediate Saturdays and Sundays are included in the computation unless the period of time prescribed or allowed is less than seven days in which case intermediate Saturdays and Sundays are excluded from the computation.

Applying Rule 8002(a) in conjunction with Rule 9006(a), the last day for appellants to have filed a notice of appeal was December 16, 1985, a Monday. No motion for an enlargement of time to file an appeal, or any other motion, was made by that date.

Rule 8002 has been "strictly construed, requiring strict compliance with its terms." *In re Universal Minerals, Inc.,* 755 F.2d 309, 311 (3d Cir.1985). The reason is that Rule 8002 is not merely a rule of practice, but is jurisdictional. "The Advisory Committee's Note to Rule 8002 expressly states that it is 'an adaptation of rule 4(a) of the Federal Rules of Appellate Procedure.' Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Universal Minerals, Inc., supra,* at 312.

Appellants offer three reasons why the notice of appeal was not untimely and the appeal should not be stricken. The first reason given is that the computation of time under Rule 8002(a) should be controlled by Rule 6(a) of the Federal Rules of Civil Procedure, not by Bankruptcy Rule 9006(a). Subdivision (a) of the Advisory Committee Note to Rule 9006(a) states that "[t]his rule is an adaptation of Rule 6 F.R. Civ.P." At the time Rule 9006(a) was enacted, Fed.R.Civ.P. 6(a) excluded intermediate Saturdays and Sundays only from time periods of less than seven days. However, on August 1, 1985, the Rule was changed to provide that intermediate Saturdays and Sundays are excluded from time periods of less than 11 days. Appellants urge that the resulting conflict with Rule

9006(a) be eliminated by judicial intervention, pending administrative revision of the Bankruptcy Rules. I do not believe I have the power to accede to that request, and furthermore, as a matter of policy, I believe the court's jurisdiction should be defined by Rule 9006(a) as it existed at the time of appeal.

The second argument is that no appeal was necessary because the bankruptcy court did not have jurisdiction to enter a final judgment and order and, therefore, an appeal was unnecessary.

The jurisdiction of the bankruptcy court and the circumstances under which it can hear and determine cases are set out in 28 U.S.C. § 157. Subsections (b) and (c) divide matters into those that the bankruptcy court may hear and enter final order or judgment—all matters under Title 11 and all "core proceedings" arising under Title 11, or arising in a case under Title 11—and those in which a bankruptcy court submits proposed findings of fact and conclusions of law to the district court, for final adjudication by the district court—"non-core proceedings."

■ Here, the bankruptcy court did not enter proposed findings of fact and conclusions of law, but entered an opinion and order in favor of the trustee. The bankruptcy judge considered that this was a core proceeding and that he had jurisdiction to enter final judgment. Appellants did not question his jurisdiction to do so until after the motion to strike the appeal was made. I find that the failure to file a timely appeal cuts off the issue whether the proceeding was core or non-core.

The third argument is that judgment was never entered. The docket reads; "OPINION and ORDER entered ordering that judgment be entered in favor of the trustee and against the defendants in the amount of $400,000.00; and further DENYING all other relief requested by the trustee." Ap-

---

day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 5001(c), "legal holiday" includes New Year's Day, Washington's Birth-

day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the bankruptcy court is held.

pellants say that the phrase "ordering that judgment be entered" means that judgment has not yet been entered but will be at some undisclosed future time.

By their own admission, appellants cannot claim that they were misled by the grammatical form of the docket entry. The affidavit of their attorney accompanying the appeal states in so many words that the time for appeal ran from the "December 5, 1985 Order entering a $400,000 judgment against Kovatch." The parties to this action were aware that the intent of the bankruptcy judge's order was to enter judgment. The argument that it failed to carry out that intent is dismissed as frivolous. The further assertion that the judgment is invalid because there is no notation on the docket that notice of the entry of judgment was served on the parties is also dismissed.

In the trustee's supplemental brief, it is maintained that appellants are collaterally estopped from appealing because of the proceedings and rulings of the bankruptcy court that occurred in this case after December 5, 1986. Having decided that the appeal was untimely, I have not considered the merits of this argument.