**Helen BARBER, Plaintiff–Appellant,**

**v.**

**SECURITY BENEFIT LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 90–4726**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 23, 1991.

Alto V. Watson, III, Richard J. Clarkson, Reaud, Morgan & Quinn, Beaumont, Tex., for plaintiff-appellant.

Ronald W. Fairchild, Douglas F. Martin, Porter, Fairchild, Wachter & Haney, Topeka, Kan., Julie Richardson, Strong, Pipkin, Nelson & Bissell, Beaumont, Tex., for defendant-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Helen Barber brought this action in a Texas district court against the Security Benefit Life Insurance Company on an insurance policy covering the life of Barber's deceased husband. Security Benefit removed the case to the United States District Court for the Eastern District of Texas, and discovery commenced. Security Benefit contends that the parties settled the case for $6,430.22, but Barber vehemently disputes this contention. The district court enforced the alleged settlement and entered an order, filed August 6, 1990, dismissing the case with prejudice. On August 29, Barber filed a "motion for rehearing" that urged the court to reconsider its decision to enforce the settlement. This motion was denied two days later. Barber filed a notice of appeal on September 27, purporting to appeal from both the order dismissing the case and the order denying rehearing.

Security Benefit has filed a motion to dismiss the appeal for Barber's failure to file a notice of appeal within the time provided by Fed.R.App.P. 4(a). We conclude that Barber has not complied with Rule 4 and that we lack appellate jurisdiction. Accordingly, the motion to dismiss is granted, and the appeal is dismissed for want of jurisdiction.

■ Although we hesitate to deny a litigant her day in our court, the requirements of Rule 4 are both clear and strict.* An appellant has 30 days from the entry of a final judgment in which to file a notice of appeal. The 30-day period may be extended if a *timely* motion is filed in the district court under Fed.R.Civ.P. 59(e) to alter or amend the judgment. By its own terms, a Rule 59(e) motion "shall be served not later than 10 days after entry of the judgment." Barber served her motion for rehearing on August 29, some 23 days after entry of judgment on August 6. Thus, her motion was untimely and ineffective to extend the 30-day period. Our court has consistently adhered to this rule. *See, e.g., Washing-*

---

* Fed.R.App.P. 4 provides in pertinent part:
  **(a) Appeals in Civil Cases.**
  (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after

*ton v. Patlis,* 868 F.2d 172, 174 (5th Cir. 1989); *Martin v. Wainwright,* 469 F.2d 1072 (5th Cir.1972) (per curiam), *cert. denied,* 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). The notice of appeal filed on September 27—or 52 days after entry of judgment—was not timely, and we lack jurisdiction to hear Barber's appeal. *See id.* at 1073.

Barber does not dispute any of this analysis. Rather, her counsel, an associate at the firm of Reaud, Morgan & Quinn, attempts to excuse his default by wrapping himself in the cloak of a "protective order" issued by District Judge Robert Parker in the now-famous class-action asbestos lawsuit in the Eastern District of Texas in which Reaud, Morgan & Quinn participated. The order stated: "all the attorneys from [two specified law firms] are protected from having to participate in any pretrial or trial matters in any state or federal court from this date until the conclusion of the trial in this case," which was October 5, 1990. The attorney claims that under Judge Parker's order, "the Rules of Procedure were suspended" as to him. We disagree.

First, the order by its terms applies only to "pretrial or trial matters," which the attorney might reasonably construe not to include the post-trial filing of a notice of appeal. Second, the attorney did in fact construe the order not to preclude his filing a motion for rehearing. Third, it is evident that the attorney chose to participate in this case during precisely the period covered by Judge Parker's protective order and notwithstanding that order. We are reluctant to encourage attorneys to have it both ways as a result of the "protective order": to participate in other cases despite their ongoing responsibilities in the asbestos litigation, and yet to assert that they may ignore the consequences of other courts' rulings with impunity. Finally, we doubt that a district court's order in a separate case can extend the deadline for filing a notice of appeal. Even the court of appeals

cannot enlarge the 30–day period prescribed by Rule 4(a). *See* Fed.R.App.P. 26(b). Only the district court (in which the case was heard), "upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by Rule 4(a)." *Id.* 4(a)(5). Although Judge Parker's order may have given the attorney "good cause," he made no motion to extend the time to file his notice of appeal.

For these reasons, the appeal was untimely and must be dismissed.

APPEAL DISMISSED.

the date of entry of the judgment or order appealed from. . . .

.    .    .    .    .

(4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district

court by any party: . . . (iii) under Rule 59 to alter or amend the judgment; . . . the time for appeal for all parties shall run from the entry of the order . . . granting or denying [the motion]. . . .