EMILIO M. GARZA, Circuit Judge:
 

 This motion to dismiss an appeal, taken from a district court exercising bankruptcy appellate jurisdiction, requires us to determine whether Bankruptcy Rule 9006(a) or Rule 6(a) of the Federal Rules of Civil Procedure governs the method for comput
 
 *537
 
 ing the ten-day period for filing a motion for rehearing under Bankruptcy Rule 8015. Finding that Bankruptcy Rule 9006(a) governs this matter, we hold that appellants’ motion for rehearing was untimely filed. Accordingly, we dismiss this appeal for lack of jurisdiction.
 

 I.
 

 The facts relevant to this matter are straightforward and undisputed. This controversy began as a post-judgment garnishment in Texas state court. After a second removal, the bankruptcy court entered a final judgment which provided that appel-lee Citizens Bank & Trust Company of Bay Town, Texas (“Citizens”) was entitled to monies in the garnished account and additional interest earned. Appellants filed a timely notice of appeal to the district court. On April 30, 1991, the district court issued an opinion affirming the judgment of the bankruptcy court; both opinion and final judgment were entered on May 2, 1991. Fourteen days later, on May 16, 1991, Appellants filed their motion for rehearing specifically alleging that such motion was being filed “pursuant to Rule 8015 and 9006 of the Federal Rules of Bankruptcy Procedure_” Citizens did not file a response to this motion, and the district court entered an opinion and order on June 14, 1991, denying appellants’ motion for rehearing. Neither appellants’ motion nor the court’s opinion and order contained any language seeking or granting an extension of time to file the motion for rehearing. On July 12, 1991, appellants filed their notice of appeal to this Court.
 

 II.
 

 Citizens maintains that appellants’ appeal is untimely, based solely on its contention that appellants failed to file a timely motion for rehearing in the district court.
 
 See
 
 FED.R.APP.P. 6(b)(2)®. Specifically, Citizens maintains that appellants’ motion for rehearing was untimely filed because computation of the ten-day period of time for filing a motion for rehearing under Bankruptcy Rule 8015 is governed by Bankruptcy Rule 9006, which excludes intermediate Saturdays and Sundays from the computation period only when the period of time prescribed is less than eight days. Because appellants’ motion for rehearing was filed fourteen days after the district court entered its opinion and final judgment, Citizens argues the motion is untimely. Accordingly, Citizens suggests this Court should grant its motion to dismiss for lack of jurisdiction.
 

 Appellants, on the other hand, contend that they filed their motion for rehearing in a timely manner. They also contend that Bankruptcy Rule 9006 is not the governing rule for computation of the filing deadline. They assert that Rule 6(a) of the Federal Rules of Civil Procedure is the appropriate method by which to compute the time for filing the motion for rehearing. Appellants maintain that “[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.” FED.R.CIV.P. 6(a). Accordingly, since Appellants argue that Bankruptcy Rule 8015 prescribes a ten-day period of time, intermediate Saturdays and Sundays are excludable and their motion for rehearing was timely filed.
 

 A.
 

 Rule 6 of the Federal Rules of Appellate Procedure governs the appellate timetable when a motion for rehearing is timely filed:
 

 If a timely motion for rehearing under Bankruptcy Rule 8015 is filed in the district court ..., the time for appeal to the court of appeals shall run from the entry of the order denying rehearing....
 

 FED.R.APP.P. 6(b)(2)®. To toll the appellate clock, Rule 6 requires that a
 
 timely
 
 motion under Bankruptcy Rule 8015 be filed.
 
 Id.
 
 The appellate clock starts again on entry of the order denying a rehearing.
 
 Id.
 
 If no motion for rehearing is filed under Rule 6, appellants must file their notice of appeal within thirty days from the date of entry of judgment.
 
 See
 
 FED.
 
 *538
 
 R.APP.P. 4(a)(1).
 
 [1]
 

 Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing in a federal district court. According to the rule,
 

 [A] motion for rehearing may be filed within ten days after entry of judgment of the district court_ If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.
 

 Bankr.Rule 8015, 11 U.S.C.A. (1984 & Supp.1991). Bankruptcy Rule 9006(a) then establishes the “[computation of] any period of time allowed by [the bankruptcy] rules_” Bankr.Rule 9006(a), 11 U.S.C.A. (1984 & Supp.1991). Bankruptcy Rule 9006(a) also provides that when the period of time allowed is less than eight days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
 
 Id.
 

 [2]
 

 Appellants filed their motion for rehearing on Thursday, May 16— fourteen days after the district court entered its final judgment. Accordingly, since the intermediate Saturdays and Sundays — four days total — are not excludable, we conclude appellants’ motion for rehearing was untimely filed.
 

 B.
 

 Appellants’ assertion that Rule 6(a) of the Federal Rules of Civil Procedure should apply is without merit. Rule 6(a) authorizes the method of “computing any period of time prescribed or allowed by [the Federal Rules of Civil Procedure], by the local rules of any district court, by order of court, or by any applicable statute....” FED.R.CIV.P. 6(a). Rule 6 contains no language allowing its use in bankruptcy. In fact, Rule 81(a) of the Federal Rules of Civil Procedure specifically proscribes the use of the Federal Rules of Civil Procedure in bankruptcy proceedings unless they are made applicable by the Supreme Court:
 

 [These rules] do not apply to proceedings in bankruptcy or ... except in so far as they may be made applicable thereto by rules promulgated by [the] Supreme Court of the United States.
 

 FED.R.CIV.P. 81(a)(1).
 
 [3]
 

 The Advisory Committee’s notes to the 1989 Amendment of Bankruptcy Rule 9006 lend weight to our conclusion. These notes suggest that Bankruptcy Rule 9006 governs computation of the period of time allowed by Bankruptcy Rule 8015 because of the undesirable delay which could result from application of Rule 6(a) of the Federal Rules of Civil Procedure:
 

 Prior to 1987, subdivision (a) provided that intermediate weekends and legal holidays would not be counted in the computation of a time period if the prescribed or allowed time was less than 7
 
 *539
 
 days. This rule was amended in 1987 to conform to Fed.R.Civ.P. 6(a) which provides for the exclusion of intermediate weekends and legal holidays if the time prescribed or allowed is less than 11 days. An undesirable result of the 1987 amendment was that 10-day time periods prescribed in the interest of prompt administration of bankruptcy cases were extended to at least 14 calendar days.
 

 As a result of the present amendment, 10-day time periods prescribed or allowed will no longer be extended to at least 14 calendar days because of intermediate weekends and legal holidays.
 

 Bankr.Rule 9006, 11 U.S.C.A. (1984 & Supp.1991);
 
 see also
 
 Collier on Bankruptcy 1469 app.vol. 1 (15th ed. 1991).
 

 The most recent amendment to Rule 9006, effective August 1,1991, contains the same eight-day rule for exclusion of intermediate Saturdays and Sundays. The Committee noted:
 

 As a result of the 1989 amendment to this rule, the method of computing time under subdivision (a) is not the same as the method of computing time under Rule 6(a) F.R.CIV.P. [sic]. Subdivision (a) is amended to provide that it govern the computation of time periods prescribed by the Federal Rules of Civil Procedure when the Bankruptcy Rules make a civil rule applicable to a bankruptcy case or proceeding.
 

 Bankruptcy Code, Rules and Forms: Interim Supplement to 1991 Edition 458-59 (1991). Under the present version of the Bankruptcy Rules, the Supreme Court has not applied FED.R.CIV.P. 6 to a bankruptcy case or procedure.
 

 Although we have found no case law on this issue regarding a motion for rehearing, recent cases have construed the applicability of Bankruptcy Rule 9006(a) over Rule 6(a) of the Federal Rules of Civil Procedure.
 
 [4]
 
 Only one court has applied Rule 6 of the Federal Rules of Civil Procedure to govern the computation of time in a bankruptcy case.
 
 See In re Vaughn,
 
 462 F.Supp. 1040, 1049 (N.D.Tex.1978).
 
 Vaughn,
 
 however, construed old Bankruptcy Rule 906, the language of which specifically referred to Rule 6 of the Federal Rules of Civil Procedure. As we have already pointed out, this reference no longer exists. Although this Court has never held that Bankruptcy Rule 9006 governs computation of time for the purposes of Rule 6(b)(2)(i), this Court has recently stated in
 
 dicta:
 

 The time for filing the notice of appeal is unaffected by Wynn’s December 7 motion. A Rule 59(e) motion may be brought from a judgment of the bankruptcy court,
 
 see
 
 Bankruptcy Rule 9023, but not from a judgment of the district court exercising appellate jurisdiction in a bankruptcy case. A motion for rehearing of such a district court judgment may be brought under Bankruptcy Rule 8015 and, if so, the time for filing a notice of appeal to this Court begins to run from entry of the order denying the motion.
 
 See
 
 Fed.R.App.P. 6(b)(2)(i). However, R.C. Wynn’s motion for re
 
 *540
 
 hearing was not filed within 10 days of entry of the district court’s judgment and therefore may not be treated as a timely Bankruptcy Rule 8015 motion for purposes of Fed.R.App.P. 6(b)(2)(i).
 
 See
 
 Bankruptcy Rule 9006 (governing computation).
 

 In re Wynn,
 
 No. 90-1023, slip op. at 2 (5th Cir. April 4, 1990) (unpublished opinion).
 

 Accordingly, we hold that Bankruptcy Rule 9006 governs the time computation of Bankruptcy Rule 8015, and we conclude that Appellants’ motion for rehearing was untimely filed.
 

 C.
 

 Appellants refer us to Rule 1(a) and Rule 6(b)(2)(i) of the Federal Rules of Appellate Procedure to support their contention that Rule 6 of the Federal Rules of Civil Procedure “[is] made applicable” by the Federal Rules of Appellate Procedure. Appellants’ argument is deceptively simple:
 

 Rule 6(b)(2)(i) of the Federal Rules of Appellate Procedure provides for the filing of motions for rehearing in the district court. By Supreme Court mandate, whenever the Federal Rules of Appellate Procedure provide for the making of a motion in the district court, the procedure for making such motion shall be in accordance with the practice of the district court. FED.R.APP.P. 1(a). Accordingly, Rule 6(a) of the Federal Rules of Appellate Procedure governs the computation of the ten-day period of time for filing Appellant’s Motion for Rehearing.
 

 Appellants’ Response to Appellee’s Motion to Dismiss at 3,
 
 In the Matter of Eichelberger,
 
 No. 91-2808 (S.D.Tex. June 14, 1991).
 

 We disagree. Rule 1(a) of the Federal Rules of Appellate Procedure states: “When these rules provide for the making of a motion or application in the district court, the procedure for making such motion or application shall be in accordance with the practice of the district court.” FED.R.APP.P. 1(a). The wording of Rule 1 is important in two respects. First, in order for the “practice of the district court to apply [appellate procedure] rules,” the Federal Rules of Appellate Procedure must provide for the making of a motion or application in the district court.
 
 Id.
 
 Rule 6(b)(2)(i) of the Federal Rules of Appellate Procedure does not authorize a motion for rehearing. Rather, Rule 6(b)(2)(i) merely extends the time within which to file a notice of appeal. As its title suggests, Rule 6(b)(2)(i) indicates the “Effect of [a] Motion for Rehearing on [the] Time for Appeal.” Bankruptcy Rule 8015 is the only authorization for the filing of a motion for rehearing.
 
 See
 
 Bankr.Rule 8015, 11 U.S.C.A. (1984 & Supp.1991). Second, the procedure for making such motion shall be in accordance with the practice of the district court. As we have already pointed out,
 
 [5]
 
 the Federal Rules of Civil Procedure — which prescribe the practice in district court — are proscribed in bankruptcy proceedings except as made applicable by the Supreme Court.
 

 D.
 

 Appellants then suggest that Citizens has waived (or at least should be estopped by its conduct from raising) its right to complain about the district court’s decision to treat the appellants’ motion for rehearing as timely. Appellants’ Response,
 
 supra,
 
 at ¶ 8. Unfortunately, our holding as to the untimeliness of the appellant’s motion for rehearing pretermits this issue of waiver and/or estoppel. The untimely motion for rehearing brings us back to Rule 4(a) of the Federal Rules of Appellate Procedure, which requires that a notice of appeal be filed with the clerk of the district court within
 
 thirty days
 
 after the date of entry of the judgment.
 
 See Barber v. Security Benefit Life Ins. Co.,
 
 936 F.2d 210, 211 (5th Cir.1991). Appellants filed their notice of appeal on July 12, 1991— seventy-two days after the district court entered its opinion and final judgment. Rule 4(a)’s provisions are mandatory and jurisdictional.
 
 See Allied Steel v. City of Abilene,
 
 909 F.2d 139, 142 (5th Cir.1990).
 

 Appellants did not file in the district court a motion pursuant to Rule 4(a)(5)
 
 *541
 
 showing excusable neglect or good cause to extend the time for filing a notice of appeal to this Court.
 
 See Barber,
 
 936 F.2d at 212. Nor does the record contain any indication appellants sought, or were granted, any extension to file their motion for rehearing in the district court. Accordingly, we hold that appellants’ notice of appeal is untimely-
 

 III.
 

 For the foregoing reasons, this appeal is dismissed.
 

 [1]
 

 .
 
 See also
 
 FED.R.APP.P. 6(b)(l)(i) (applying Federal Rules of Appellate Procedure to bankruptcy appeals with specific exceptions).
 

 [2]
 

 .
 
 See In re Meyer-Midway, Inc.,
 
 68 B.R. 181, 182 (Bankr.N.D.Ill.1986) (interpreting the breadth of Rule 9006(a)).
 

 [3]
 

 .
 
 See
 
 C. Wright & A. Miller, Federal Practice and Procedure § 1016 (1987):
 

 Federal Rule of Civil Procedure 81(a)(1) makes it very clear that the Civil Rules do not apply except when specifically made applicable by the Supreme Court, and the sections of the Bankruptcy Rules in which Civil Rules have been made applicable have not been altered significantly in the 1987 amendments.
 

 The 1983 Bankruptcy Rules incorporated the Civil Rules for use in adversary proceedings, and that incorporation remains unchanged under the 1987 amendment. Many of the Bankruptcy Rules adopt Civil Rules verbatim, and several others adopt the substance of corresponding Civil Rules, making only small changes necessary to fit the rules to the bankruptcy setting
 
 [see
 
 11 U.S.C.A. §§ 1010-1012, 5001, 7002-7071, 9005, 9015-9017, 9021, 9023, 9024, 9026 (1984 & Supp. 1991) ].
 

 ******
 

 Thus, the recent history of the American bankruptcy system, although it does provide an answer to the question of the applicability of the Federal Rules of Civil Procedure to bankruptcy proceedings, also provides reasons for suspecting that further changes in the system are likely to occur. For the present, unless Congress modifies the 1987 amendments before August 1, 1987, the amended Bankruptcy Rules will govern bankruptcy procedure and the Civil Rules will apply only to the extent that they are incorporated in Parts I, V, VII and IX of the Bankruptcy Rules.
 

 [4]
 

 .
 
 See, e.g., In re Blue Mountain Investments, Ltd.,
 
 1991 WL 17573 (D.Kan.1991) (where motion was made to dismiss bankruptcy appeal for failure to timely perfect appeal, court distinguished computation under Rule 9006(a) from computation under Rule 6(a) and denied motion to dismiss on grounds that "notice of appeal was lodged with the clerk of the bankruptcy court on the last day of the ten-day appeal period.”);
 
 In re Butcher,
 
 78 B.R. 520, 522-23 (Bankr.E.D.Tenn.1986) (in action where "Trustee would have this Court fashion a rule by which judges determine the applicability of Rule 6 or Bankruptcy Rule 9006," court held Trustee never properly commenced the action, and neither Rule 9006(a) nor any other rule of procedure could save his cause of action);
 
 In re Miramar, Inc.,
 
 70 B.R. 32, 34 (Bankr.E.D.Mich. 1987) (“the reference in Bankruptcy Rule 9006 to Bankruptcy Rule 9023 strongly suggests that Bankruptcy Rule 9006, rather than Civil Rule 6, was intended to apply specifically to motions for new trial and generally to all bankruptcy litigation.”);
 
 In re Wicaco Machine Co., Inc.,
 
 60 B.R. 415, 417 (Bankr.E.D.Pa.),
 
 aff'd,
 
 806 F.2d 256 (3d Cir.1986) (holding, in response to motion to strike appeal — appellants argued Rule 6(a), not Bankruptcy Rule 9006(a) should govern computation of time under Bankruptcy Rule 8002(a) — "court’s jurisdiction should be defined by Rule 9006(a) as it existed at the time of appeal.");
 
 In re Schneider,
 
 44 B.R. 961 (Bankr.W.D.Wisc.1984) (court applied Rule 9006(a) approach rather than Rule 6(a) approach in computing time period).
 

 [5]
 

 .
 
 See supra
 
 Part II.B.