IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50479
Summary Calendar
_____

In The Matter Of: WILLIAM C. WEBB, JR; ELMA MAE WEBB,

                                                  Debtors

_____

WILLIAM C. WEBB, JR.; ELMA MAE WEBB,

                                                  Appellants

                         versus

G. RAY HENDREN,

                                                  Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-230
_____
October 7, 2002

Before JOLLY, JONES and PARKER, Circuit Judges.

PER CURIAM:*

     Appellants William C. Webb, Jr. and Elma Mae Webb (the Webbs)
appeal the final judgment of the district court in their appeal of
a bankruptcy court decision.  The bankruptcy court entered its
judgment on June 22, 2001.  The Webbs timely appealed that judgment

_____

     * Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the district court on July 2, 2001.  The district court entered its final judgment affirming the bankruptcy court on January 18, 2002.  The Webbs filed a motion for rehearing in the district court on January 30, 2002, more than ten days after the entry of the final judgment.  The district court denied the motion on March 15, 2002. The Webbs filed a notice of appeal to this court on April 12, 2002.  However, because the Webbs' motion for rehearing in the district court was not timely filed, it did not stay the running of the thirty day period for filing a notice of appeal from the final judgment.  Therefore, their notice of appeal to this court was not timely filed.  Accordingly, we dismiss this appeal for lack of jurisdiction.

DISCUSSION

Bankruptcy Rule 8015 provides:

> A motion for rehearing may be filed within 10 days after <u>entry of the judgment</u> of the district court or the bankruptcy appellate panel.  If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

Fed. R. Bankr. P. 8015 (emphasis added).  Bankruptcy Rule 9006(a) governs the method for computing the ten-day period for filing a motion for rehearing under Bankruptcy Rule 8015.  <u>Eichelberger v. Eaton</u>, 943 F.2d 536 (5th Cir. 1991). That rule provides:

> The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made

> the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Bankr. P. 9006(a).

As we have noted, the district court entered its final judgment on Friday, January 18, 2002. Under Rules 8015 and 9006(a), the Webbs had until Monday, January 28, 2002 to file a motion for rehearing. The Webbs filed their motion for rehearing in the district court on Wednesday, January 30, 2002, twelve days after the entry of judgment and two days late.

The Webbs' reliance on the so-called "mailbox rule" of Bankrupcy Rule 9006(f) is misplaced. That rule provides:

> When there is a right or requirement to do some act or undertake some proceedings within a <u>prescribed period after service</u> of a notice or other paper and the notice or paper other than process is served by mail or under Rule 5(b)(2)(C) or (D) F.R.Civ. P., three days shall be added to the prescribed period.

Fed. R. Bankr. P. 9006(f)(empahsis added). The Webbs argue that because they received a copy of the court's order entering judgment by mail, they had three additional days within which to file their motion for rehearing under this rule. They are incorrect. The extension of time in Rule 9006(f) applies only to time periods keyed to the date of service. <u>See</u> <u>Arbuckle v. First Nat'l Bank of Oxford</u>, 988 F.2d 29 (5th Cir. 1993). The ten day period for filing a motion for rehearing under Bankruptcy Rule 8015 begins upon the entry of judgment, not service of the judgment. Therefore, the time to file a motion for rehearing cannot be extended by Rule

9006(f).  The Webbs' motion for rehearing was filed more than ten days from the entry of judgment; therefore, it was not timely filed.

Because their motion for rehearing in the district court was not timely, the Webbs could not claim the stay of the time period for appeal under Rule 8015.  <u>See also</u> Fed. R. App. P. 6(b)(2)(i), <u>Eichelberger</u>, 943 F.2d at 537-38.  Under the Federal Rules of Appellate Procedure, a party must file a notice of appeal within thirty days from the entry of judgment by the district court unless that period is otherwise stayed by some applicable rule.  Fed. R. App. P. 4(a)(1), 4(a)(4).  Thus, because the Webbs were not entitled to a stay under Bankruptcy Rule 8015, they had thirty days from January 18, 2002 to file their notice of appeal to this court.  They did not file their notice of appeal until April 12, 2002, eighty-four days after the entry of final judgment by the district court.  Accordingly, this court is without jurisdiction and the appeal is

DISMISSED.