# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 02-50146
Summary Calendar

_____


MARIANNE C. GERACI,

Plaintiff-Appellant,

versus

TEXAS MUNICIPAL LEAGUE
INTERGOVERNMENTAL RISK POOL ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas, Austin
(A-00-CV-647 JN)

_____

January 27, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Marianne C. Geraci ("Geraci") appeals the district court's grant of summary judgment to the

Texas Municipal League Intergovernmental Risk Pool ("Risk Pool") regarding her Americans with

Disabilities Act ("ADA") claim. For the following reasons, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 1995, Geraci was hired by Risk Pool. During her employment, Geraci received numerous complaints that she was unprofessional, argumentative, and disruptive to her colleagues due to her unauthorized visits in various departments. On May 27, 1999, Risk Pool terminated Geraci citing the above-referenced problems. Geraci filed a pro se suit contending that she was terminated because of her thyroid condition, which Risk Pool was aware of, in violation of the ADA.

Risk Pool filed a motion for summary judgment. Before the district court rendered its decision, the Supreme Court issued its opinion in Toyota Motor Mfg. Ky, Inc. v. Williams, 534 U.S. 184 (2002). On January 9, 2000, Risk Pool filed a supplemental brief placing the district court on notice of the Toyota decision. On January 11, 2002, the district court granted Risk Pool's motion for summary judgment and entered final judgment. On January 22, 2002, Geraci filed a motion for leave of the court to file a second supplemental answer to the defendant's motion for summary judgment due to the Toyota decision and a motion to alter or amend ruling on summary judgment (collectively "post trial motions").[1] On January 23, 2002, the district court denied the post trial motions. On February 8, 2002, Geraci timely filed a notice of appeal of the district court's grant of summary judgment.[2]

---

[1]Geraci later filed in the district a motion to supplement the record on appeal and a motion to amend the notice of appeal to add the denial of her post trial motions. On May 9, 2002, the district court denied both motions. Geraci then filed a motion to supplement the record on appeal with this Court, which was granted on June 4, 2000.

[2] On June 7, 2002, Geraci filed a notice of appeal challenging the denial of her post trial motions. Risk Pool asserts that we do not have jurisdiction to determine whether the district court erred in denying Geraci's post trial motions. See Barber v. Security Benefit Line Insur. Co., 936 F.2d 210, 212 (5th Cir. 1991). We agree. Geraci had thirty days to appeal the denial of her post trial motions. Geraci notice of appeal was filed nearly five months later. As such, we only have jurisdiction to review the district court's grant of summary judgment.

STANDARD OF REVIEW

We review the grant of summary judgment de novo, applying the same standards as the district court. See Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

DISCUSSION

In order to establish a prima facie case of disability discrimination, a claimant must prove: 1) that she was disabled within the meaning of the Act; 2) she was qualified for the position, with or without an accommodation; 3) she suffered an adverse employment decision because of her disability; and 4) she was replaced by a non-disabled person. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The ADA defines a disability as (1) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual;" (2) a record of such of an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A), (B), (C). To be "substantially limited in a major life activity, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota, 534 U.S. at 198. The impairment's impact must also be permanent or long-term. Id. Major life activities include functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning or working." Sutton v. United Airlines, Inc., 527 U.S. 471, 480 (1999).

At the time of Geraci's termination, she complained of the following: 1) Hyperthyroidism/Graves disease, 2) irritable bowel syndrome, 3) Attention Deficit Disorder ("ADD"), and 4) a workers' compensation injury to her neck and nose. The district court held that

3

these maladies did not constitute a disability under the ADA because Geraci failed to show that they substantially limited a major life activity. We agree.

With respect to her thyroid condition, Geraci alleged the following symptoms: nervousness, irritability, anxiety, depression, lack of concentration, sleeplessness, tremors of the thighs and hands, extreme fatigue, skin rashes, frequent bowel movements, eye irritations, easy bruising, enlarged thyroid gland, heat intolerance, heart palpitations, menstrual cycle changes, muscle weakness, high blood pressure and weight loss. The district court held that the majority of these symptoms did not qualify as proper summary judgment evidence[3] and that they did not limit a major life activity. Geraci argued, without supportive evidence, that her thyroid condition "has the ability to limit [the] major life activity of sleeping, concentrating, breathing, thinking, performing manual tasks and reproduction."

Although Geraci claims that she was substantially limited in major life activities, these assertions do not raise genuine issues of material fact. There is nothing in the record to reflect that Geraci was substantially limited in a major life activity. Furthermore, Geraci's ability to jog four to five days a week for 4.5 to 5.5 miles, bathe, feed and care for herself contradicts her bald contentions. As the district court noted, Geraci testified that "her condition did not get that bad" and that "she could care for herself." Geraci's condition also does not appear to be permanent or long-term. In fact, one physician noted that it could take "months or more than a year to stop all of the symptoms." The physician further noted that "although [the condition] may take a long time to control, it should

---

[3]The district court noted that many of symptoms were not included in the list produced by her doctor and that in many cases they were in direct contravention to the items on the doctor's list.

be temporary, and once controlled, should give [Geraci] no difficulty." Moreover, the record indicates that Geraci's condition was controlled by the thyroid medication.

With respect to the remaining infirmities, the district court correctly concluded that Risk Pool was unaware that Geraci suffered from ADD and irritable bowel syndrome. Geraci also failed to submit evidence that her workers compensation injury caused her to be substantially limited in a major life activity.

## CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment.