# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

——————

No. 14-20430
Summary Calendar

——————

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

In the Matter of:  LARRY MOTTU GUERRERO; LARRY ROBERT GUERRERO, also known as Larry Guerrero, also known as Robert Guerrero, doing business as Golden Eagle Construction, doing business as Texas Eagle Construction, formerly known as Robert Campos Guerrero; HEATHER LYNN GUERRERO, formerly known as Heather Sahr,

Debtors

WILLIAM KING SATTERWHITE,

Appellant

v.

TIMOTHY GUIN; OFFICER GRADY SMITH; LARRY ROBERT GUERRERO; CITY OF WHARTON,

Appellees

————————————

In the Matter of:  LARRY MOTTU GUERRERO,

Debtor

WILLIAM KING SATTERWHITE,

Appellant

v.

LARRY ROBERT GUERRERO,

Appellee

No. 14-20430

In the Matter of:  LARRY ROBERT GUERRERO, also known as Larry Guerrero, also known as Robert Guerrero, doing business as Golden Eagle Construction, doing business as Texas Eagle Construction, formerly known as Robert Campos Guerrero; HEATHER LYNN GUERRERO,

Debtors

WILLIAM KING SATTERWHITE,

Appellant

v.

LARRY ROBERT GUERRERO, also known as Larry Guerrero, also known as Robert Guerrero, doing business as Golden Eagle Construction, doing business as Texas Eagle Construction, formerly known as Robert Campos Guerrero; HEATHER LYNN GUERRERO,

Appellees

In the Matter of:  LARRY MOTTU GUERRERO,

Debtor

WILLIAM KING SATTERWHITE,

Appellant

v.

LARRY MOTTU GUERRERO,

Appellee

In the Matter of:  LARRY MOTTU GUERRERO,

2

No. 14-20430Debtor

Debtor

WILLIAM KING SATTERWHITE,

Appellant

v.

LARRY MOTTU GUERRERO,

Appellee

────────────────

In the Matter of: LARRY MOTTU GUERRERO,

Debtor

WILLIAM KING SATTERWHITE,

Appellant

v.

LARRY MOTTU GUERRERO; CITY OF WHARTON; TIMOTHY E. GUINN; GRADY SMITH; BRANDON CRUZ; LARRY ROBERT GUERRERO,

Appellees

────────────────

Appeal from the United States District Court
for the Southern District of Texas
No. 4:13-CV-1325

────────────────

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

────────────────

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20430

This is a consolidated appeal from a bankruptcy adversary proceeding. Appellant William King Satterwhite, the plaintiff in the adversary proceeding, appeals the bankruptcy court's orders: (1) denying his motion to remand or abstain; (2) dismissing his state-law claim against Appellee Larry Robert Guerrero; and (3) allowing the seizure and sale of Satterwhite's property to satisfy sanctions imposed on Satterwhite in the form of attorney's fees. After Satterwhite submitted his Appellant's Brief, Guerrero moved to dismiss for failure to timely file a notice of appeal. For the following reasons, we GRANT the motion and DISMISS the appeal for lack of jurisdiction.

Following the entry of a final judgment by the bankruptcy court, Satterwhite appealed to the district court. *See* 28 U.S.C. § 158(a) (granting district courts jurisdiction to hear appeals from final judgments of adjunct bankruptcy courts). The district court affirmed the bankruptcy court and entered its final judgment on March 18, 2014. On April 15, 2014, Satterwhite filed three motions with the district court: (1) a motion for a new trial under Federal Rule of Civil Procedure 59; (2) a motion for additional findings of fact; and (3) a motion to correct mistakes. On June 12, 2014, the district court issued an order on the post-judgment motions. Satterwhite then filed a notice of appeal on July 3, 2014. *See* § 158(d) (granting federal courts of appeals jurisdiction to hear appeals from district courts' final judgments entered under § 158(a)).

If Satterwhite's notice of appeal was untimely filed, then we lack jurisdiction to hear the appeal because "timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Perez v. Stephens*, 745 F.3d 174, 178-79 (5th Cir. 2014). Generally, the Federal Rules of Appellate Procedure apply to appeals from a final judgment of a district court exercising appellate jurisdiction in bankruptcy cases under § 158(a). F. R. APP. P. 6(b)(1); *but see* F. R. APP. P. 6(b)(1)(A)-(D)

4

No. 14-20430

(qualifying the general rule that the Federal Rules of Appellate Procedure apply to bankruptcy appeals).  Appellants normally must file their notice of appeal within thirty days after entry of final judgment.  F. R. APP. P. 4(a)(1).  Therefore, Satterwhite's notice of appeal, which he filed more than three months after the district court entered its final judgment, was not timely unless some exception to the thirty-day limit applies.

The filing of some post-judgment motions can toll the Rule 4(a)(1) clock until the lower court disposes of the motion.  *See* F. R. APP. P. 4(a)(4), 6(b)(2)(A).  In a non-bankruptcy appeal, Rule 4(a)(4) provides that motions for, *inter alia*, additional findings of fact or a new trial under Federal Rule of Civil Procedure 59 can toll the Rule 4(a)(1) clock.  F. R. APP. P. 4(a)(4)(A)(v).  However, in a bankruptcy appeal from a district court exercising appellate jurisdiction under § 158(a), Rule 4(a)(4) does not apply.  F. R. APP. P. 6(b)(1)(A).  Instead, only motions for rehearing under Federal Rule of Bankruptcy Procedure 8022 can toll the statute.  F. R. APP. P. 6(b)(2)(A).

While Satterwhite's motions for a new trial or for additional findings of fact would have tolled the clock in a non-bankruptcy appeal, they have no effect in the context of a bankruptcy appeal.  *See* F. R. APP. P. 6(b)(1)(A).  A timely motion for rehearing under Federal Rule of Bankruptcy Procedure 8022 provides the only mechanism to toll the clock of appellate notice.  *See In re Eichelberger*, 943 F.2d 536, 537-38 (5th Cir. 1991).  Even if we construe one of Satterwhite's motions from April 15 as a motion for rehearing, it could not have been a *timely* motion for rehearing because Federal Rule of Bankruptcy Procedure 8022 provides a fourteen-day period for filing and Satterwhite filed his motions twenty-eight days after the district court entered its final judgment on March 18.  *See id.*

In short, Satterwhite failed to file a timely motion for rehearing, so he had thirty days from the district court's entry of judgment to file his notice of

appeal.  Because he waited more than three months to file, his notice was untimely, and we, therefore, lack jurisdiction to hear the appeal.  Accordingly, we GRANT Guerrero's motion to dismiss Satterwhite's appeal.