**In re CONN AIRE, INC., Debtor.**

**CONN AIRE, INC., Plaintiff-appellee,**

v.

**J.C. LEASING, etc.,
Defendant-appellant.**

Civ. A. No. 3:88–0289.
Bankruptcy No. 386–00919.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 29, 1988.

G. Rhea Bucy and Barbara J. Moss, Gullett, Sanford, Robinson & Martin, Nashville, Tenn., for plaintiff-appellee.

William Hume Barr and Craig W. Gabbert, Jr., Nashville, Tenn., for defendant-appellant.

## MEMORANDUM OPINION
## AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

This Court affirmed summarily on June 10, 1988 the decision of the Bankruptcy Court of this District on the ground of failure of the appellant J.C. Leasing, etc. to have made timely the designations required by Rule 8006, Bankruptcy Rules. Local Rule 17. Such appellant moved this Court on August 30, 1988 for relief from that judgment under the provisions of Rule 60(b), F.R.Civ.P., more than 10 days after the entry of such judgment, *supra*.[1]

"The Federal Rules of Civil Procedure are made explicitly inapplicable to 'proceedings in bankruptcy ... except in so far as they may be made applicable thereto' by the Bankruptcy Rules. Fed.R.Civ.P. 81(a)(1).[2] Appeals to district courts in

---

1. The appellant sought also the retrieval of the record herein from the United States Court of Appeals for the Sixth Circuit following its appeal of July 8, 1988. This application is rendered MOOT by the Court's instant action herein.

2. Rule 9024, Bankruptcy Rules, makes Rule 60, F.R.Civ.P., applicable to certain actions, not implicated herein, in the Bankruptcy Court.

bankruptcy cases are governed by Part VIII of the Bankruptcy Rules. Bankr.R. 8001–8019." *In re Akros Installations, Inc.*, 834 F.2d 1526, 1531[2] (9th Cir.1987). Included in that Part, *supra,* is Rule 8015, Bankruptcy Rules, which mandates *inter alia* that "a motion for rehearing may be filed within 10 days after entry of the judgment of the district court * * *."

Oral argument is not deemed useful herein, and as Rule 60(b), F.R.Civ.P., is inapplicable to this proceeding, and as such motion is untimely if treated as a motion under Rule 8015, *supra,* this Court lacks empowerment to consider the same.

For that reason, such motion of the appellant hereby is

DENIED.