United States Court of Appeals,

Fifth Circuit.

No. 93-7145

Summary Calendar.

In the Matter of BUTLER, INC., Debtors.

Eddie BUTLER, Appellant,

v.

MERCHANTS BANK & TRUST CO., Appellee.

Sept. 22, 1993.

Appeal from the United States District Court for the Southern District of Mississippi.

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Eddie Butler, *pro se,* appeals from a judgment of the district court, that affirmed the bankruptcy court's judgment in favor of Merchants Bank & Trust Co. in an adversary proceeding. Merchants filed a motion to dismiss the appeal, which was carried with the case. For the reasons stated below, we hold that Butler's notice of appeal is premature, and therefore DISMISS the appeal.

I

Butler appealed to the district court from a judgment of the bankruptcy court in favor of Merchants. On February 3, 1993, the district court entered its judgment affirming the bankruptcy court's judgment. On February 16, Butler filed a document entitled, "Motion to Set Aside Judgment and for New Trial Because of Newly Discovered Evidence." On February 25, he filed a notice of appeal in this court. The district court has not yet ruled on Butler's February 16 motion.

II

Merchants has moved to dismiss the appeal, contending that Butler's notice of appeal is premature, because the district court has not ruled on Butler's February 16 motion.

A

We first consider whether Butler's February 16 motion was timely filed. In order to

determine whether the motion was timely, however, we must first decide what procedural rule governs. Both parties incorrectly assume that Butler's motion is governed by Fed.R.Civ.P. 59.[1] Although Butler's motion is entitled "Motion to Set Aside Judgment and for New Trial Because of Newly Discovered Evidence," it is not governed by Fed.R.Civ.P. 59. Bankruptcy Rule 9023, which adopts Fed.R.Civ.P. 59, applies only to appeals from the bankruptcy court to the district court, and not to appeals from the district court to the court of appeals. When the district court is acting as an appellate court in a bankruptcy case, "Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing." *Matter of Eichelberger,* 943 F.2d 536, 538 (5th Cir.1991); *see also id.* at 539-40 (quoting *In re Wynn,* No. 90-1023 (5th Cir. Apr. 4, 1990) (unpublished)) ("A Rule 59(e) motion may be brought from a judgment of the bankruptcy court, *see* Bankruptcy Rule 9023, but not from a judgment of the district court exercising appellate jurisdiction in a bankruptcy case."). Therefore, despite its title, Butler's motion is a motion for rehearing governed by Bankruptcy Rule 8015, which provides that such a motion "may be filed within 10 days after entry of the judgment of the district court."

In *Matter of Eichelberger,* our court held that Bankruptcy Rule 9006(a), rather than Fed.R.Civ.P. 6, governs time computations for motions for rehearing when a district court is acting as an appellate court in bankruptcy cases. 943 F.2d at 538-39. Bankruptcy Rule 9006(a) provides that the first day of the period shall be excluded, and the last day shall be included, unless it is a Saturday, Sunday, or legal holiday. When the time prescribed is less than eight days (as compared to 11 days in Fed.R.Civ.P. 6), *intermediate* Saturdays, Sundays, and legal holidays are included. Because Bankruptcy Rule 8015 provides a ten-day period for filing a motion for rehearing, Bankruptcy Rule 9006(a) requires that intermediate Saturdays, Sundays, and legal holidays must be included in determining whether Butler's motion for rehearing was timely filed.

The district court's judgment was entered on February 3, 1993. The last day of the ten-day period following entry of the district court's judgment was Saturday, February 13. Therefore, the

---

[1] Fed.R.Civ.P. 59 pertains to motions for a new trial or to alter or amend a judgment. Such a motion is required to be served "not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(b), (e).

13th and 14th of February (a Saturday and Sunday) are excluded. The 15th of February (a Monday) is excluded as well, because the Clerk's office was closed on that day for the President's Day holiday. Therefore, under Bankruptcy Rule 9006(a), Butler's motion for rehearing was timely filed on February 16.

B

We now turn to consider the effect of Butler's timely motion for rehearing with regard to our appellate jurisdiction.

Appeals in bankruptcy cases from judgments of district courts acting as appellate courts are governed by Fed.R.App.P. 6. Pursuant to Fed.R.App.P. 6(b)(1)(i), Fed.R.App.P. 4(a)(4)—which provides that a notice of appeal filed prior to the disposition of a timely post-trial motion "shall have no effect," and a new notice of appeal must be filed after entry of the order disposing of such motion—is expressly made inapplicable to bankruptcy appeals. The effect of post-trial motions in bankruptcy cases is, instead, governed by Fed.R.App.P. 6(b)(2)(i), which states:

> If a timely motion for rehearing under Bankruptcy Rule 8015 is filed in the district court ..., the time for appeal to the court of appeals for all parties shall run from the entry of the order denying the rehearing or the entry of the subsequent judgment.

Fed.R.App.P. 6(b)(2)(i); *see also* Bankruptcy Rule 8015 ("If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.").[2]

Fed.R.App.P. 6(b)(2)(i)—unlike Fed.R.App.P. 4(a)(4)—does not provide that a premature

---

[2]The 1983 version of Bankruptcy Rule 8015, prior to its amendment in 1987, simply provided that "... a motion for rehearing may be filed within 10 days after entry of the judgment of the district court...." The 1983 advisory committee's note to Bankruptcy Rule 8015 stated that "[t]he filing of a motion for rehearing does *not* toll the time for taking an appeal to the court of appeals from the district court...." (Emphasis added.) In accordance with the 1983 advisory committee's note, the Fifth, Ninth, and Eleventh Circuits all held that the filing of a motion for rehearing did not toll the time for filing a notice of appeal. *In re GHR Energy Corp.,* 789 F.2d 1194, 1995 (5th Cir.1986); *Matter of Sundale Associates, Ltd.,* 786 F.2d 1456, 1457-58 (11th Cir.1986); *In re Lovitt,* 757 F.2d 1035, 1038-39 (9th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985). *Contra, In re Shah,* 859 F.2d 1463, 1464-65 (10th Cir.1988); *In re Stringer,* 847 F.2d 549, 550 (9th Cir.1988); *In re X-Cel, Inc.,* 823 F.2d 192, 193 (7th Cir.1987). In the light of the 1987 amendment to Bankruptcy Rule 8015, which provides that a timely motion for rehearing tolls the time for filing a notice of appeal, *GHR Energy* (which dealt with the 1983 version of Bankruptcy Rule 8015) does not govern our decision in this case.

notice of appeal is ineffective, or that a new notice of appeal must be filed after the district court rules

on a timely motion for rehearing. Nevertheless, we believe that it would be inappropriate for us to

exercise appellate jurisdiction while there is an unresolved timely motion for rehearing pending in the

district court. As the Seventh Circuit noted in *In re X-Cel, Inc.,* 823 F.2d 192, 193 (7th Cir.1987),

it is possible that the district court's action on the motion for rehearing could eliminate the need for

an appeal. But, if Butler's filing of a notice of appeal deprives the district court of jurisdiction, that

court will be prevented from reconsidering or correcting its judgment. On the other hand, if the

notice of appeal does not deprive the district court of jurisdiction, then it would have jurisdiction over

the motion for rehearing at the same time that this court has jurisdiction over the underlying judgment

that the district court is being asked to reconsider. For obvious reasons, it makes little sense for two

different courts to have the power to act on the same judgment at the same time, with the attendant

risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial

resources. We therefore conclude that, until Butler's motion for rehearing is disposed of by the

district court, we do not have appellate jurisdiction to consider Butler's appeal.[3]

---

[3]Our conclusion is consistent with the most recent cases that have considered the amended version of Rule 8015. *See Reilly v. Hussey,* 989 F.2d 1074, 1076 (9th Cir.1993) (notice of appeal filed while motion for reconsideration was pending before district court "was premature and a nullity"); *Matter of Grabill Corp.,* 983 F.2d 773, 775 (7th Cir.1993) (pendency of Rule 8015 motion to reconsider "knocked out the notice of appeal"); *In re Otasco, Inc.,* 981 F.2d 1166, 1167 (10th Cir.1992) ("Because the district court neither entered an order denying rehearing or a subsequent judgment in response to Mohawk's motion for rehearing, the time for appeal has not beg[u]n to run and the notice of appeal filed by Mohawk is without effect.").

Our conclusion also is consistent with the proposed revision of Fed.R.App.P. 6(b)(2)(i), scheduled to apply to appellate cases commenced on or after December 1, 1993. 61 U.S.L.W. 4395, 4398 (Apr. 27, 1993). The proposed amendment provides:

If any party files a timely motion for rehearing under Bankruptcy Rule 8015 in the district court or the bankruptcy appellate panel, the time for appeal to the court of appeals for all parties runs from the entry of the order disposing of the motion. A notice of appeal filed after announcement or entry of the district court's or bankruptcy appellate panel's judgment, order, or decree, but before disposition of the motion for rehearing, is ineffective until the date of the entry of the order disposing of the motion for rehearing. Appellate review of the order disposing of the motion requires the party, in compliance with Appellate Rules 3(c) and 6(b)(1)(ii), to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file an amended notice of appeal within the time prescribed by Rule 4, excluding 4(a)(4) and 4(b), measured from the entry of the order disposing of the motion. No

III

For the foregoing reasons, we DISMISS the appeal. If the district court denies Butler's motion for rehearing, Butler may file an amended notice of appeal from the district court's ruling. If Butler also wishes to pursue the matters raised in this appeal, he may, at that time, request that this appeal be reinstated. No additional filing fees will be required for filing an amended notice of appeal and request for reinstatement. Any such amended notice of appeal and/or request for reinstatement of this appeal must be filed within the time limits prescribed by Fed.R.App.P. 4(a)(1). If the district court grants the motion to reconsider and amends its judgment, either party may file a new notice of appeal within the time limits prescribed by Fed.R.App. 4(a)(1). If appropriate and necessary, the parties may request permission to file supplemental briefs.

APPEAL DISMISSED.

---

additional fees will be required for filing the amended notice.

*Id.* at 4398.