28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ATLANTIS GROUP, INCORPORATED, Plaintiff-Appellant,
Plato Paper Products, Incorporated, et al., Plaintiffs,
v.
WARNER, NORCROSS & JUDD; Paul K. Gaston, Defendants-Appellees,
Rospatch Corp., et al., Defendant,
J. Grant Beadle, et al., Defendant.
 No. 92-2318.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Atlantis Group, Inc. appeals a decision of Hon. Douglas Hillman of the Western District of Michigan to vacate an opinion in which the judge denied in part a motion for summary judgment.
 
 
 2
 In denying the motion for summary judgment filed by appellees (as defendants), Judge Hillman ruled that there were certain factual issues that had to be resolved by a jury.
 
 
 3
 The case did not reach trial. The parties settled the case, and Judge Hillman then withdrew his opinion denying the motion for summary judgment.
 
 
 4
 Appellant seeks reinstatement of that opinion. The gist of Atlantis' argument is that by vacating the prior opinion Judge Hillman effectively modified the parties' settlement agreement and accordingly violated its right to dismiss a case voluntarily under Rule 41(a) of the Federal Rules of Civil Procedure. Atlantis cites a long string of cases supporting its argument that not-agreed-upon modifications of settlement agreements are impermissible. Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189-90 (8th Cir.1984); Jeff D. v. Andrus, 899 F.2d 753, 758 (9th Cir.1990) (noting that "courts are not permitted to modify settlement terms or in any manner to rewrite agreements reached by the parties"); Weil v. Markowitz, 829 F.2d 166, 173-74 (D.C.Cir.1987) (finding that the district court overstepped its authority when it added a party to the settlement); Holmes v. Continental Can Co., 706 F.2d 1144, 1160-61 (11th Cir.1983) (same).
 
 
 5
 The problem with this argument is that Judge Hillman simply did not modify the settlement agreement as appellant contends--the settlement agreement is silent as to the issue now raised by appellant--and Judge Hillman retained the discretion to withdraw his summary judgment opinion.[1]
 
 
 6
 Atlantis also argues that Judge Hillman violated Atlantis' due process rights when he vacated the opinion without first giving both parties an opportunity to be heard. It claims that it was injured because Judge Hillman's opinion reflected positively on appellant's reputation and negatively on appellees' reputation. This due process argument fails because Atlantis cannot show that it was deprived of life, liberty, or property. Siegert v. Gilley, 111 S.Ct. 1789, 1794 (1991) (injury to reputation by itself is not a protected liberty interest); see also Paul v. Davis, 424 U.S. 693, 708-09 (1976) (same); see also Barber v. State Farm Mutual Auto. Ins. Co. ( In re Smith), 964 F.2d 636, 638 (7th Cir.1992) (noting that an opinion's "precedential effect" was not a "tangible interest" sufficient to create appellate jurisdiction). Moreover, we question Atlantis' claim that it suffered any objective harm at all--to its reputation or otherwise. All that Judge Hillman's opinion said was that there may be a question in the case that should be resolved by a jury, but he made no factual findings.
 
 
 7
 For these reasons, we AFFIRM.
 
 
 
 *
 Hon. John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 A motions panel of the court previously denied appellees' motion to dismiss. We are not bound by the motions panel's decision. The law of the case doctrine is not applicable to jurisdictional questions. Duran v. City of Douglas, 904 F.2d 1372 (9th Cir.1990). See Amen v. City of Dearborn, 718 F.2d 789, 795 (6th Cir.1983) cert. denied 465 U.S. 1101 (1984)