IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30162

Summary Calendar
_____

In The Matter Of: JOSEPH CELANO; ANN MARIE CELANO

                    Debtors
_____

CYNTHIA LEE TRAINA

                    Appellant

v.

JOSEPH CELANO; ANN MARIE CELANO

                    Appellees
and

R MICHAEL BOLEN, United States Trustee, Region 5

                    Trustee - Appellee
_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 01-CV-1310)
_____
November 18, 2002

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:*

_____

        *    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Appellant Cynthia Lee Traina appeals from the district court's affirmance of the bankruptcy court's denials of her application for compensation pursuant to 11 U.S.C. § 326(a) (1994) and her motion pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons set forth below, we AFFIRM the district court's affirmance of the denials.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant appeal primarily concerns Cynthia Lee Traina's request for fees that she believes are owed for services rendered as a bankruptcy trustee. On March 31, 1998, Traina was appointed the trustee of the estate of debtors Joseph and Ann Marie Celano after the couple voluntarily filed a Chapter 7 bankruptcy petition. On June 7, 1999, the Celanos converted their case into a Chapter 11 proceeding and, although Traina tried to be appointed the Chapter 11 trustee, the Celanos moved to dismiss the Chapter 11 case. The Celanos eventually settled with their creditors and submitted an Agreed Order to the bankruptcy court that included the terms of the monetary distributions to all interested parties. The bankruptcy court entered the Agreed Order and allowed the Celanos to dismiss voluntarily the Chapter 11 case, but retained jurisdiction to determine whether Traina was entitled to compensation for her time served as the Celanos' Chapter 7 trustee.

Traina filed a Fee Application and requested $8,000 in fees. On March 13, 2001, the bankruptcy court denied her request for compensation, finding that § 326(a) barred Traina from receiving compensation because she did not disburse any funds while serving as trustee. Soon after, the bankruptcy court denied Traina's post-judgment motion pursuant to Rule 59(e) requesting the bankruptcy court for a new trial, or in the alternative, to alter or amend the judgment ("Rule 59(e) Motion").

On December 7, 2001, the district court affirmed the bankruptcy court's decision, holding that: (1) Traina's request for compensation was correctly denied because, even in non-fully administered cases, the plain language of § 326(a) indicates that only money that the trustee distributes can be included in calculating the compensation base; and (2) Traina's Rule 59(e) Motion was correctly denied because she failed to establish any of the bases for relief available under the Rule.

Traina timely appeals the district court's affirmance of the bankruptcy court decision.

## II. STANDARD OF REVIEW

This court, acting essentially as a second court of appeals, reviews a bankruptcy court's findings of fact under the clearly erroneous standard, and a bankruptcy court's conclusions of law and mixed questions of law and fact de novo. In re U.S. Brass Corp., 301 F.3d 296, 306 (5th Cir. 2002). In the instant appeal,

3

review of the bankruptcy court's denial of Traina's request for compensation under § 326(a) based on her services rendered as a bankruptcy trustee presents a mixed question of law and fact and is thus subject to <u>de novo</u> review.[1]

### III. TRAINA'S REIMBURSEMENT CLAIM

On appeal, Traina contends that the district court erred in affirming the denial of her compensation under §§ 326(a) and 330 of the Bankruptcy Code. As to § 326(a), she criticizes the district court's method of calculating fees owed to trustees, particularly the court's failure to appreciate the distinction between fully and non-fully administered cases. Traina concludes that the court erred by grouping this non-fully administered case with all other cases and thereby finding that § 326(a) applies to non-fully administered cases. Appellee R. Michael Bolden, United States Trustee, does not address these arguments in his Brief.

Regarding § 330, Traina contends that there was sufficient evidence to support her entitlement to reasonable compensation for her actual and necessary services rendered. She points to her investigation into and identification of the Celanos' wholly-owned corporation called INTRX HealthCare ("INTRX"). Traina asserts that her investigation into INTRX lead to the discovery of accounts receivable that could be used to pay the Celanos'

---

[1] As explained in Part IV, Traina's Rule 59 motion is not amenable to appellate review.

creditors.  Traina also contends that she had an essential role in the formation of the Agreed Order between the creditors and the debtors and that she encouraged the Celanos to convert the case and ultimately settle it.

Bolen counters that the district court was correct in finding that proof of this ownership was disclosed at the onset of the bankruptcy litigation.  He also suggests that Traina's role in the negotiations was minimal and it was the Celanos' motivations, not Traina's encouragement, that contributed to the conversion of the Chapter 7 case and the settlement of the Chapter 11 case.

The relevant statutory provisions are relatively straight-forward.  Section 326(a) of the Bankruptcy Code provides that a limitation on the bankruptcy court's power to award compensation to the trustees by setting a maximum limit on the trustee's compensation, In re England, 153 F.3d 232, 234 (5th Cir. 1998), while § 330 provides the statutory authority for a bankruptcy court to award bankruptcy trustees "reasonable compensation for actual, necessary services rendered by such trustee."  11 U.S.C. § 330(a)(1).  While Traina raises novel arguments concerning the proper method for calculation of fees under § 326(a), we need not delve into this relatively complicated matter of statutory interpretation because the record strongly suggests that under § 330, Traina was not entitled to reasonable compensation for her services rendered.

Section 330 lists several factors to consider in assessing an award for reasonable compensation including "(1) the nature, the extent, and the value of [the trustee's] services; (2) the time spent on such services; and (3) the costs of comparable services other than in a cause under this title." Id. Significantly, § 330(a)(4)(A)(ii) admonishes that a "court should not allow for compensation for ... services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." Id. § 330(a)(4)(A). The rather subjective quality of the factors laid out in the Bankruptcy Code affords a reviewing court broad discretion in determining whether to award or deny trustee compensation. See, e.g., In re Prudhomme, 43 F.3d 1000, 1003-04 (5th Cir. 1995) (citing § 330 for support of the proposition).

Even without such broad discretion, we would still find that Traina has difficulty circumventing the plain language of § 330(a)(4)(A)(ii). It requires a serious suspension of disbelief to accept that Traina was solely responsible for the "discovery" of INTRX and its available funds. The record indicates that, prior to Traina's investigation, the Celanos were aware of the INTRX's existence and asset potential. We cannot ignore the facts that the Celanos owned and controlled all stock in INTRX; Joseph Celano founded the corporation; the Celanos disclosed their ownership interest in the statement of financial affairs; and the Celanos' Schedule F disclosed that most of their

6

debt consisted of contingent liabilities associated with the INTRX account. Furthermore, Traina did not introduce evidence of the Celanos' absence of knowledge or awareness of the amounts receivable in INTRX. Effectively, Traina's investigation yielded a negligible amount of new useful information for the Celanos in their bankruptcy proceedings.[2]

Traina's contention that her contributions were essential to the settlement and Agreed Order are also problematic. Given that § 330 lists the nature and extent of the service as relevant factors in trustee compensation determinations, it is questionable whether Traina's non-opposition to the dismissal of the Celanos' Chapter 11 case, which she claims was vital to the Agreed Order, would constitute the kind of "<u>actual</u>, necessary <u>service</u>" triggering compensation under the Bankruptcy Code.[3] 11 U.S.C § 330(a)(1). Moreover, even if Traina's agreement of non-opposition did provide a cognizable service, Traina's acts did not benefit the Celanos' estate in the manner she depicts. The relevant portion of the Agreed Order fails to indicate that

---

[2] Although the Celanos failed to list (in their Schedule B) assets related to their interest in INTRX, this occurrence alone does not indicate that they needed Traina to locate and secure the documentation related to the amounts receivable in INTRX.

[3] As to this contention, the district court keenly observed that "[a]greeing not to oppose dismissal is a far cry from putting together the ingredients necessary for the settlement with the creditors."

7

Traina's involvement was particularly essential.[4]  In addition,
the only evidence pertaining to the quality of Traina's services
as trustee is in the form of a letter from a participant in the
relevant negotiations.  The letter states in pertinent part that,
"Traina did nothing to facilitate a settlement" and that the
"INTRX matter would have been resolved sooner had Ms. Traina ...
not been involved.... [She] actually obstructed the settlement
negotiations."[5]  This evidence, taken in the aggregate, simply
overwhelms Traina's evidence and assertions to the contrary.

In sum, Traina's proffered actions as Chapter 7 trustee
either were unnecessary for the administration of the Celanos'
estate or unlikely to benefit the Celanos in the resolution of
their bankruptcy proceedings.  Under such circumstances, the

---

[4]  The Agreed Order states, in pertinent part:

> Considering the statements of counsel, agreement of
> the parties, evidence, applicable law, [and] the lack
> of opposition of the former trustee to dismissal of
> the proceeding conditioned only upon the Court's
> receipt of evidence from counsel for the debtors that
> debtors have paid all amounts required under their
> agreements with Crescent Bank & Trust, the U.S. Small
> Business Administration, Hibernia National Bank and
> Adams & Reese, L.L.P., and the deposit by the debtors
> of the sum of $500.00 into the registry of the Court
> for the purpose of paying any and all sums which may
> be awarded Cynthia Lee Traina as compensation as
> Chapter 7 trustee.

[5]  In her Brief, Traina objects to the district court's use
of this letter because it was "never introduced as evidence at
the hearing."  However, inclusion of the letter in the Bankruptcy
Record, see Letter of Donna G. Klein, R. 000180, implies that, it
was indeed submitted to the bankruptcy and district courts and is
therefore completely available for our consideration.

8

Bankruptcy Code compels that no compensation should be awarded. Using the same standards as the bankruptcy court, we conclude that it acted appropriately in holding that Traina was not entitled to reasonable compensation under § 330 and thus, under § 326(a).

IV. TRAINA'S RULE 59(e) MOTION

Relying on Rule 9023 of the Federal Rules of Bankruptcy Procedure, Traina contends that the district court erroneously affirmed the bankruptcy court's denial of her Rule 59(e) Motion. In denying the motion, Traina argues, the bankruptcy court prevented her from emphasizing several factual and legal errors allegedly made in the court's order; the denial of the motion, Traina continues, constituted an abuse of discretion. Bolen counters that the bankruptcy court did not abuse its discretion in denying the motion because Traina failed to meet at least one of the four requirements to prevail on a Rule 59 motion.

Discussion of the merits of this claim is not essential to its ultimate resolution, however. The Fifth Circuit has informed that a motion based on Bankruptcy Rule 9023 (which adopts Rule 59) can be argued only up to the point of the federal district court's review of a bankruptcy court; the Rule cannot be invoked in subsequent arguments before a federal court of appeals reviewing the district court's decision. See In re Butler, Inc., 2 F.3d 154, 155 (5th Cir. 1993); see also In re Eichelberger, 943

9

F.2d 536, 539 (5th Cir. 1991) ("A Rule 59(e) motion may be brought from a judgment of the bankruptcy court ... but not from a judgment of the district court exercising appellate jurisdiction in a bankruptcy case."). As a result, Traina is procedurally precluded from asserting her Rule 59 arguments before this court. Hence, the district court's affirmance of the bankruptcy court's denial represents the final word on Traina's Rule 59(e) Motion.

## V.   CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court. Traina's motion for costs and damages is DENIED.