RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0376p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: BLI FARMS, partnership, RICHARD J. BLI,
JAMES E. BLI, PEARL R. BLI and CHARLOTTE B. BLI,

_Debtors._

---

CHARLOTTE B. BLI,

_Appellant,_

_v._

USA FARM SERVICE AGENCY and GREENSTONE
FARM CREDIT SERVICES, FCLA,

_Appellees._

No. 05-2292

>

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 03-10134—David M. Lawson, District Judge.

Argued: September 11, 2006

Decided and Filed: October 13, 2006

Before: DAUGHTREY and COLE, Circuit Judges; BERTELSMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Daniel L. Kraft, THE KRAFT LAW FIRM, Lansing, Michigan, for Appellant. Julia Caroff Pidgeon, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellees. **ON BRIEF:** Daniel L. Kraft, THE KRAFT LAW FIRM, Lansing, Michigan, for Appellant. Julia Caroff Pidgeon, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, Charles T. Hewitt, SMITH & BROOKER, Bay City, Michigan, for Appellees.

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

—————————

**OPINION**

—————————

BERTELSMAN, District Judge.  This matter comes before the Court on an attempted appeal from the denial of a Federal Rule Civil Procedure Rule 60(b) motion taken from a district court sitting as an appellate court in bankruptcy.  We conclude that the motion was a nullity and that therefore the district court had no jurisdiction to consider it.  Further, since no valid notice of appeal was filed from the original final order of the district court, this Court also lacks jurisdiction over the purported appeal.

## I.  BACKGROUND

The facts in this case are lengthy and complex.  The underlying state, bankruptcy and district court proceedings are a procedural labyrinth.  Therefore, we will state only those facts necessary to understand the jurisdictional rulings made herein.

The parties to this appeal are: Charlotte B. Bli, Appellant property owner and bankruptcy petitioner; Greenstone Farm Credit Services, Appellee and first mortgage holder of property sold at foreclosure; and USA Farm Service Agency, assignee of Greenstone Farm Credit Services's interest in the foreclosed property of Appellant.

Appellant and certain family members filed bankruptcy in separate cases.  These cases were later consolidated by the bankruptcy court.  A pending state mortgage foreclosure was subject to the bankruptcy automatic stay.  Although the cases had been consolidated, the bankruptcy court dismissed Appellant's individual bankruptcy for failure to file a plan.  The mortgagee immediately proceeded to sell Appellant's real estate in the state court foreclosure, which was no longer subject to the automatic stay, since the individual bankruptcy case had been dismissed.

Appellant raised claims on the theory that this sequence of events deprived her of due process and other rights.  Ultimately, she abandoned all but the due process claim.  These claims were asserted first in the bankruptcy court in an adversary proceeding.  When she lost there, she appealed to the district court. 28 U.S.C. § 158(a).

The district court entered an order affirming the bankruptcy court.  Appellant did not file a motion for rehearing or a notice of appeal.  Some four months after the district court's order affirming the bankruptcy court, appellant filed a motion under Federal Rule Civil Procedure 60(b) in the district court.   The district court entertained this motion and entered a lengthy opinion and order denying it on the merits.  A notice of appeal was filed in this court from the order denying the Rule 60(b) motion.   The time line was as follows:

July 26, 2004:       District court, sitting as bankruptcy appellate court, affirms bankruptcy court.

Nov. 18, 2004:       Appellant files Rule 60(b) motion.

July 14, 2005:          District court enters opinion and order denying the Rule 60(b) motion on the merits.

Sept. 12, 2005:         Notice of appeal to Sixth Circuit filed.[1]

## II.  JURISDICTION AND STANDARD OF REVIEW

The district court's application of the rules of procedure are questions of law that this Court reviews de novo.  *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 510 (6th Cir. 2001).  "An appellate federal court must satisfy itself not only of its own jurisdiction, but also that of the lower courts."  *United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).  The appellate court "independently evaluates its appellate jurisdiction." *Id.*

## III.  ANALYSIS

We conclude that the district court lacked jurisdiction to entertain the Rule 60(b) motion because such a motion is a nullity when it seeks review of the order of a district court sitting as an appellate court in bankruptcy proceedings.

The only valid ways to seek review of such an order are by filing a motion under Bankruptcy Rule 8015 or by filing a timely notice of appeal to the appropriate Circuit Court of Appeals. 28 U.S.C. § 158(d)(1).

Bankruptcy Rule 8015 states:

[A] motion for rehearing may be filed within 10 days after the entry of the judgment of the district court. . . . If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying the rehearing or the entry of a subsequent judgment.

A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court.  28 U.S.C. § 158(a).  The Federal Rules of Civil Procedure apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure.  Fed. R. Civ. P. 81(a)(1).

Bankruptcy Rule 9024 provides that Rule 60 "applies in cases under the Code" except in three narrow exceptions not applicable here.

Rule 9024 is applicable to bankruptcy courts sitting as trial courts and not to the district court sitting as an appellate court.  As stated in *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1019 (D.C. Cir. 2004):

Although it is true that Rule 9024 refers to "cases under the Code," . . . the advisory committee note suggests that Rule 60 applies in narrower circumstances in the bankruptcy context: "For the purpose of this rule all orders *of the bankruptcy court* are subject to Rule 60 F. R. Civ. P." . . .; *see also In re Conn Aire, Inc.*, 91 B.R. 462, 462 n. 2 (M.D. Tenn. 1988) (concluding that Rule 9024 applies Rule 60 only to challenges to bankruptcy court orders).  Our review of the cases, moreover, indicates that Rule 9024 is generally used in bankruptcy court

---

[1]The time limit for appeal of a valid order would have been 60 days, because the United States was a party. Fed. R. App. P. 4( a)(1)(B).

proceedings, not in district courts.  Reading Rule 9024 to apply only to bankruptcy court proceedings is also supported by Bankruptcy Rule 8002, which postpones the time for appealing from the bankruptcy court to the district court when a Rule 9024 post-trial motion is pending— just as Federal Rule of Appellate Procedure 6 tolls appeals court review when a Rule 8015 motion is pending in the district court acting in its bankruptcy appellate capacity.

*Id.* (internal citations omitted).

In *Butler v. Merch. Bank & Trust Co.,* 2 F.3d 154, 155 (5th Cir. 1993), the court held that Federal  Rule of Civil Procedure 59 (governing motions to set aside a judgment or for a new trial) was not applicable to a district court sitting as a bankruptcy appellate court.  The court noted that '"Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing"' from a final order of the district court sitting in that capacity. *Id.* (quoting *Matter of Eichelberger*, 943 F.2d 536, 538 (5th Cir. 1991)).  We agree with this analysis, as did *English Speaking Union*, 353 F.3d at 1019.

Our decision in *In re G.A.D. Inc.,* 340 F.3d 331, 334 (6th Cir. 2003), is not to the contrary, for there the Rule 60(b) motion was filed in the bankruptcy court.

Therefore, since the Rule 60(b) motion in the instant case was a nullity, the notice of appeal therefrom was also a nullity.  If construed to be from the original judgment of the district court affirming the bankruptcy court, the notice was far too late.   The district court lost jurisdiction when the time to file a motion for rehearing of its order of July 26, 2004 expired.  And, since there was no timely notice of appeal, neither did this court have jurisdiction.[2]  See *Gnesys, Inc. v. Greene*, 437 F.3d 482, 487 (6th Cir. 2005).

Therefore, the appeal herein is hereby dismissed for lack of jurisdiction of the subject matter in this court.

---

[2]A motions panel of this court earlier overruled a motion by the appellee to dismiss this appeal for lack of jurisdiction on the grounds discussed above.  This order is not the law of the case, because it involves a jurisdictional question. *Atlantis Group v. Warner, Norcross & Judd,* No. 92-2318, 1994 WL 319091 *1, n.1 (6th Cir. March 30, 1994). We also note that the motions panel did not have the benefit of complete briefing of the matter, as does this merits panel.