IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-11190

In The Matter Of:  RICKY KLEIBRINK

Debtor

-------------------------------------------------------------------------------

ELLEN KLEIBRINK; MID STATE TRUST VII

Appellees

v.

RICKY KLEIBRINK

Appellant

Appeal from the United States District Court
for the Northern District of Texas
(07-CV-88)

Before JOLLY, DENNIS, and PRADO, Circuit Judges..

PER CURIAM:[*]

The bankruptcy court held that Mid-State Trust had a claim secured by

debtor Ricky Kleibrink's real property.  On appeal, the district court affirmed.

The judgment was entered on August 29, 2007.  On September 5, the debtor,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

who was represented by counsel, filed a "Motion for New Trial" in district court, stating that the motion "has been filed within 10 days of entry of the Judgment as required by Rule 59 FRCP." Mid-State objected, arguing that Rule 59 did not apply when the district court was acting as an appellate court in a bankruptcy case. The district court denied the motion for new trial in an order entered on October 17. On November 15, the debtor, still represented by counsel, filed a notice of appeal from the judgment and the order denying the motion for new trial.

Federal Rule of Appellate Procedure 6(b)(2)(A) provides that, if a timely motion for rehearing under Bankruptcy Rule 8015 is filed, the time for filing a notice of appeal "runs from the entry of the order disposing of the motion." Federal Rule of Civil Procedure 59 "applies only to appeals from the bankruptcy court to the district court, and not to appeals from the district court to the court of appeals." Matter of Butler, Inc. (Butler v. Merchants Bank & Trust Co.), 2 F.3d 154, 155 (5th Cir. 1993). "When the district court is acting as an appellate court in a bankruptcy case, 'Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing.'" Id. (quoting Matter of Eichelberger, 943 F.2d 536, 538 (5th Cir. 1991)).

Mid-State has filed a motion to dismiss the appeal. Mid-State argues that, because Bankruptcy Rule 8015 is the sole means of seeking rehearing when the district court is acting as an appellate court in a bankruptcy case, the debtor's motion for a new trial under Rule 59 did not toll the time for filing a notice of appeal; therefore, the debtor's notice of appeal, filed after the district court denied the motion for new trial, is untimely. Mid-State argues that this court should not treat the debtor's motion for a new trial as a motion for rehearing under Rule 8015 because the motion requested that the district court reopen the case to take additional evidence, which is an invalid basis for relief under Rule 8015.

In Butler, both parties assumed that Butler's pro se "Motion to Set Aside Judgment and for New Trial Because of Newly Discovered Evidence," filed in the district court, was governed by Federal Rule of Civil Procedure 59. 2 F.3d at 155. This court stated that, "despite its title, Butler's motion for rehearing is governed by Bankruptcy Rule 8015...." Id. Thus the court treated a motion seeking relief under Rule 59 as one governed by Bankruptcy Rule 8015. See also English-Speaking Union v. Johnson, 353 F.3d 1013 (D.C. Cir. 2004) (irrespective of how parties characterize their motions for reconsideration in bankruptcy appeals, the timing of the filing of a post-judgment motion determines whether it tolls the time for filing an appeal; thus, a motion filed within the ten-day limit of Rule 8015 should be treated as a Rule 8015 motion that postpones appellate review during its pendency).

Although Kleibrink's motion for a new trial asks that the case be re-opened for the taking of new evidence, it also asserts that the court should amend its findings of fact and conclusions of law regarding the value of appellee's claim. Therefore, under Butler, we treat the motion as one governed by Rule 8015, notwithstanding its title. Because a timely Rule 8015 motion tolls the time for filing a notice of appeal until the district court rules on the motion, Kleibrink's notice of appeal was timely filed. The motion to dismiss the appeal is

DENIED.