**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-1557**

_____

DARLENE J. DAVIS,

        Debtor - Appellant,

    v.

CARL M. BATES,

        Trustee - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:19-cv-00388-MHL)

_____

Submitted:  August 13, 2021              Decided:  August 31, 2021

_____

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Darlene J. Davis, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darlene J. Davis seeks to appeal the district court's orders dismissing her appeal of the bankruptcy court's orders and denying her motion for reconsideration. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). *See* Fed. R. App. P. 6(b)(1). However, if any party moves for an extension of time to appeal within 30 days after expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989).

The district court's order was entered on the docket on April 3, 2020.[1] The notice of appeal was filed on May 11, 2020,[2] after the expiration of the 30-day appeal period but within the excusable neglect period. Because Davis' notice of appeal contained language

---

[1] We conclude that Davis' postjudgment motion was properly construed as a motion for rehearing pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure. *See English-Speaking Union v. Johnson*, 353 F.3d 1013, 1020 (D.C. Cir. 2004); *In re Butler*, 2 F.3d 154, 155 (5th Cir. 1993); *cf. MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (adhering to rule that motion for reconsideration in civil case filed within period for timely Fed. R. Civ. P. 59(e) motion should be treated as Rule 59(e) motion, regardless of how it was formally styled). As that motion served to toll the appeal period from the underlying dismissal order, *see* Fed. R. App. P. 6(b)(2)(A), the order disposing of Davis' postjudgment motion commenced the appeal period relevant to both orders.

[2] Insofar as Davis' February 12, 2020, "Objection" purported to act as a conditional notice of appeal, we conclude that it did not manifest an intent to appeal sufficient to warrant its characterization as a notice of appeal. *See Buffalo v. Sunn*, 854 F.2d 1158, 1161 (9th Cir. 1988); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

2

requesting an extension of her appellate deadlines and offered some excuse for her tardiness, we construe it as a timely request for an extension of time under Fed. R. App. P. 4(a)(5).  Accordingly, we remand this case to the district court for the limited purpose of determining whether Davis has demonstrated excusable neglect or good cause warranting an extension of the 30-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*