**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-3277 & 21-3278
_____

In re: NEW CENTURY TRS HOLDINGS, INC.,
Debtor

CANDENCE B. LYNCH; MICHAEL D. LYNCH,
Appellants

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1:20-cv-00182)
District Judge:  Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 22, 2022

Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: January 11, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Spouses Michael and Candence Lynch maintain that the United States Bankruptcy Court for the District of Delaware (the Bankruptcy Court) should have granted their motion to reopen the bankruptcy case of New Century TRS Holdings, Inc. (New Century). According to the Bankruptcy Court, reopening that case would have been improper because the arguments the Lynches wanted to raise had already been rejected in the Lynches' own bankruptcy case in Florida and the law of preclusion, in essence, forecloses their second bite at the apple. The District Court agreed with the Bankruptcy Court, and so do we. The judgment below will be affirmed.

I.

New Century is a Delaware-incorporated real estate investment trust that specialized in sub-prime mortgage transactions before filing for Chapter 11 relief in the Bankruptcy Court. Years of litigation resulted in, among other things: confirmation of a plan; an agreement governing liquidation; a final decree entered by the Bankruptcy Court; and the court-appointed trustee's distribution of New Century's assets.

Prior to New Century's bankruptcy, one of its entities had been the mortgagee for the Lynches' home in Florida, where the Lynches filed for bankruptcy protection under Chapter 7. As part of the Florida case, the Lynches filed an adversary proceeding to dispute ownership of the promissory note underlying the mortgage. The adversary proceeding failed. See In re Lynch, 755 F. App'x 920, 926 (11th Cir. 2018) (per curiam), cert. denied Lynch v. Deutsche Bank Nat. Tr. Co., 139 S. Ct. 2624 (2019).

2

The Lynches then turned to New Century's since-completed bankruptcy case in Delaware. Proceeding pro se, the Lynches moved to reopen the case in the hopes of being permitted to file an adversary proceeding challenging the trustee's execution of the agreement governing liquidation of New Century's assets (which included the Lynches' mortgage). The Bankruptcy Court denied the Lynches' motion; they appealed.

By order entered on February 16, 2021, the District Court affirmed the decision of the Bankruptcy Court. Next, the District Court granted the Lynches' motion to extend the time under Bankruptcy Rule 8022(a)(1) to file a motion for rehearing. The Lynches' subsequently-filed motion for rehearing made reference to Federal Rules of Civil Procedure 59(e) and 60(b), and the District Court applied the standards governing those rules in denying relief via order and opinion entered on November 23, 2021.

Soon after, the Lynches (still pro se) filed a pair of notices of appeal. The first notice generated the appeal docketed at C.A. No. 21-3277; the second generated the appeal docketed at C.A. No. 21-3278. The Lynches paid the filing fee for the former only.

In both appeals, the Lynches filed a motion for "administrative accommodation" that further clarified their intent to have the District Court's orders reviewed in a single appeal and requested that C.A. No. 21-3278 be withdrawn. The Clerk consolidated the appeals and stayed the Lynches' deadline to pay the filing fee in C.A. No. 21-3278.

3

II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 158(a)(1) to review the Bankruptcy Court's ruling on the Lynches' motion to reopen. The Lynches' timely, first-filed notice of appeal by itself enables us to exercise appellate jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291 to review the District Court's February 16, 2021 order affirming the Bankruptcy Court, as well as its November 23, 2021 order denying the Lynches' post-judgment motion.[1] The Lynches' motion for "administrative accommodation," construed as a motion for voluntary dismissal of the appeal under

---

[1] We agree with the Lynches that their post-judgment motion is fairly construed as one seeking rehearing under Bankruptcy Rule 8022, notwithstanding any reference it made to Rules 59(e) and 60(b). See Eng.-Speaking Union v. Johnson, 353 F.3d 1013, 1020 (D.C. Cir. 2004); In re Butler, 2 F.3d 154, 155 (5th Cir. 1993). That construction is jurisdictionally significant because: the rehearing motion was timely, cf. Fed. R. Bank. P. 8022(a)(1), and thus tolled the Lynches' time to appeal, see Fed. R. App. P. 6(b)(2)(A)(i); and the first-filed notice of appeal was, as a result, timely with respect to the District Court's February 16 and November 23, 2021 orders, see Fed. R. App. P. 4(a)(1); Fed. R. App. P. 6(b)(2)(A)(ii). While the first-filed notice of appeal did not reference the November 23, 2021 order and, therefore, did not comply with the requirement that the notice "designate the judgment—or the appealable order—from which the appeal is taken," Fed. R. App. P. 3(c)(1)(B), the conditions for surmounting that obstacle—that "(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues," Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 163 (3d Cir. 2017) (citation omitted)—are all present in this case. Accordingly, we exercise appellate jurisdiction to review both orders of the District Court. Cf. Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.").

4

Federal Rule of Appellate Procedure 42(b) and presented without opposition, is granted. The appeal docketed at C.A. No. 21-3278 will thus be dismissed.

## III.

Bankruptcy court orders denying motions to reopen bankruptcy proceedings are reviewed for abuse of discretion. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997). "Inasmuch as the District Court sits as an appellate court in bankruptcy proceedings, we exercise plenary review of its decision." Id. .[2] "[A] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J., 297 F.3d 253, 265 (3d Cir. 2002).

## IV.

The Bankruptcy Court focused on the Lynches' unsuccessful adversary proceeding in their Florida case in determining that the doctrines of collateral estoppel and res judicata were valid bases to reject the Lynches' bid to reopen New Century's case in Delaware.[3] That was no abuse of discretion. The District Court echoed that analysis and rejected the Lynches' arguments on appeal.

---

[2] The same standard governs orders denying rehearing. See In re Blast Energy Servs., Inc., 593 F.3d 418, 423 (5th Cir. 2010); In re Fowler, 394 F.3d 1208, 1214 (9th Cir. 2005). But in their opening brief the Lynches do not challenge the denial of rehearing, so they have forfeited the issue. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

[3] The Bankruptcy Court also determined that the trustee was immune from suit.

5

Our agreement with the Bankruptcy Court's collateral-estoppel ruling and the District Court's analysis is dispositive. Under federal law, see Taylor v. Sturgell, 553 U.S. 880, 891 (2008), "[c]ollateral estoppel prohibits a party from relitigating an issue when: '(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question,'" In re Bestwall LLC, 47 F.4th 233, 243 (3d Cir. 2022) (citation omitted).

That test is easily satisfied in the Lynches' case. They contested in the Florida litigation the authenticity and/or authority of certain documents related to the origination, securitization, and transferred ownership of their mortgage. And they sought to do so again when they filed their motion to reopen in the Bankruptcy Court. While the Lynches may have recharacterized their arguments in the Bankruptcy Court as a challenge to the *trustee's* reliance on those documents, doing so was merely an application of gloss; the key elements of the Lynches' arguments attacking the documents were, as the District Court observed, "carefully considered and rejected by the courts." The Lynches, moreover, had a full and fair opportunity—starting in the bankruptcy court in Florida and finishing up in the United States Supreme Court—to litigate the issues surrounding their mortgage. Final judgment was unquestionably entered against them. So the Lynches were

6

properly denied a chance to relitigate those issues in the Bankruptcy Court.[4] In short: The District Court was right to affirm.

V.

For the reasons outlined above, we will dismiss the appeal docketed at C.A. No. 21-3278, and in the appeal docketed at C.A. No. 21-3277 we will affirm the judgment of the District Court. Additionally, the Lynches' motion to amend their reply brief is granted.

---

[4] The Lynches' arguments to the contrary are unpersuasive. In particular, and assuming issue preservation arguendo, we reject the Lynches' reliance on the "first-filed rule," Br. 32-35, the "comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority," Chavez v. Dole Food Co., Inc., 836 F.3d 205, 210 (3d Cir. 2016) (en banc). The Lynches' interpretation of the rule, which seemingly would look to when an issue or argument is raised instead of when an *action* is filed for purposes of choosing the court that has adjudicatory priority, finds no support in our precedent.